UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEVEN JUDE HOFFENBERG, | : | Civil No. 09-4784 (RMB) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| JEFF GRONDOLSKY, et al., | : | |
| Defendants. | : | |

IT APPEARING THAT:

1. On July 9, 2009, Plaintiff filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. See Hoffenberg v. Warden, Civil Action No. 09-3375 (RMB), Docket Entry No. 1. In his application, Petitioner raised unexhausted habeas challenges and, in addition, a panoply of civil rights claims. See id.

2. On August 31, 2009, this Court dismissed Plaintiff's § 2241 petition. See id., Docket Entry No. 4. The civil rights challenges raised in the petition were dismissed without prejudice to Plaintiff's raising these claims in a duly commenced civil rights matter. See id. at 13.

3. On September 21, 2009, the Clerk docketed Plaintiff's instant civil Complaint. See Instant Matter, Docket Entry No. 1. The Complaint arrived accompanied by Plaintiff's

duly executed application to proceed in this matter <u>in forma pauperis</u>.  <u>See id.</u>, Docket Entry No. 1-2.

4. The total volume of Plaintiff's instant submission is exactly 100 pages.  <u>See id.</u>, Docket Entries Nos. 1 to 1-6.  The Complaint consumes 60 pages out of these 100, and consists of 371 paragraphs, that is, the "Relief" Chapter of the Complaint and 26 pages of exhibits excluded.  <u>See id.</u> Docket Entry No. 1.  The allegations raised in the Complaint span from access-to-the-courts claims to medical claims, to claims based on Plaintiff's correctional institution's financial responsibility program, to claims based on the alleged obstruction of Plaintiff's calls to – and meetings with – his attorneys, etc., etc.  <u>See id.</u>  Moreover, the Complaint is laden with conclusory statements, and Plaintiff's allegations frequently fail to state any personal involvement of many Defendants in the wrongs allegedly suffered by Plaintiff: rather, these allegations are based on the supervisory status of the Defendants.

5. As drafted, Plaintiff's Complaint facially fails to meet the pleading requirements of Rules 8, 18 and 20.

6. Rule 8(a)(2) requires a litigant to set forth "a short and plain statement of the claim," while Rule 8(d)(1) mandates that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  Unduly lengthy

and/or rumbling pleadings fail to satisfy the requirements of Rule 8.  See McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel); Salahuddin v. Cuomo, 861 F. 2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth numerous causes of action, and numbering 15 pages and 88 paragraphs); Burks v. City of Philadelphia, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (pleading which represented a "gross departure from the letter and the spirit of Rule 8(a)(2)" in failing to contain a short and plain statement of claims struck by District Court).  Thus, Plaintiff's Complaint fails to comply with Rule 8(a)(2) and (d)(1).

7. Moreover, Plaintiff's Complaint is deficient in the sense that it presents but an array of seemingly unrelated claims. Rule 20(a)(2) of the Federal Rules of Civil Procedure limits the joinder of defendants, and Rule 18(a), governs the joinder of claims.  See Fed. R. Civ. P. 18(a), 20(a)(2). Rule 20(a)(2) provides:  "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) and (B). Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Wright & Miller's treatise on federal civil procedure explains that, where multiple defendants are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil 3d §1655; see also United States v. Mississippi, 380 U.S. 128, 143 (1965) (where county registrars were alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)); Ross v. Meagan, 638

4

F. 2d 646, 650 n.5 (3d Cir. 1981), overruled on other grounds by, Neitzke v. Williams, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).  Consequently, a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.  See Fed. R. Civ. P. 20(a)(2).  As the United States Court of Appeals for the Seventh Circuit recently explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in

5

>>different transactions - should be rejected
>>if filed by a prisoner.

George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007).  Thus, as drafted, Plaintiff's Complaint should be dismissed for failure to meet the requirements of Rules 18 and 20.

8. Finally, Plaintiff's Complaint fails to meet Rule 8's pleading requirements substantively (rather than in form only), since it is laden with conclusory statements and allegations against Defendants whose personal involvement in the wrongs allegedly suffered by Plaintiff the Court is left to guess.  The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915A(a).  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for failure to state a claim, the Supreme Court recently

refined the standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The District Court denied a motion to dismiss the complaint for failure to state sufficient allegations to show certain defendants' personal involvement in unconstitutional conduct with respect to Iqbal's treatment while confined in a section of the Metropolitan Detention Center known as the Administrative Maximum Special Housing Unit, and the Second Circuit affirmed.  Id. at 1944.  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment which, if true, violated his constitutional rights.  Id.  In an opinion by Justice Kennedy, the Court first noted two principles:  (1) "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution;" and (2) "[t]he factors necessary to establish a Bivens [and § 1983] violation will vary with the constitutional provision at issue."  Iqbal, 129 S. Ct. at 1948.  Next, the Court rejected Iqbal's argument that, under a theory of "supervisory liability," a defendant's mere knowledge of a subordinate's discriminatory purpose amounts to purposeful discrimination under Bivens.

The Court then examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Court identified two working principles underlying Twombly:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d)(1).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted). Applying this approach to Iqbal's complaint, the Court first held that the following allegations are not entitled to the assumption of truth because they "amount to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim," Iqbal, 129 S. Ct. at 1951 (citations and internal quotation marks omitted):  (1) the allegations in the complaint that defendants "knew of, condoned, and willfully and maliciously agreed to subject [him] to harsh conditions of confinement as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest," and (2) the allegations that one defendant was "the principal architect of this invidious policy" and the other was "instrumental in adopting and executing it."  Id. (citations and internal quotation marks omitted).  Next, the Supreme Court held that the complaint fails to "plausibly suggest an entitlement to relief" because it does not contain facts showing that defendants violated Iqbal's constitutional rights by purposefully adopting a policy of classifying detainees such as Iqbal because of their race, religion, or national origin.  See Iqbal, 129 S. Ct. at 1951.

> Though [Iqbal] alleges that various other
> defendants, who are not before us, may have

>    labeled him a person of high interest for
>    impermissible reasons, his only factual allegation
>    against [these defendants] accuses them of
>    adopting a policy of approving restrictive
>    conditions of confinement for . . . detainees
>    until they were cleared by the FBI.  Accepting the
>    truth of that allegation, the complaint does not
>    show, or even intimate, that [these defendants]
>    purposefully housed detainees in [the most secure
>    conditions available] due to their race, religion,
>    or national origin . . . .
>
>    Taken as true, these allegations are consistent
>    with [defendants'] purposefully designating
>    detainees of high interest because of their race,
>    religion, or national origin.  But given more
>    likely explanations, they do not plausibly
>    establish this purpose . . . .  He would need to
>    allege more by way of factual content to nudge his
>    claim of purposeful discrimination across the line
>    from conceivable to plausible.

Id. at 1951-52.  The Supreme Court accordingly held that the complaint failed to allege sufficient facts to a claim for relief and remanded to the Court of Appeals to decide whether to remand to the District Court so plaintiff can seek leave to amend the complaint.  Id. at 1954.

9. Applying the principles of Iqbal to Plaintiff's Complaint, the Court finds the Complaint facially deficient.  However, being mindful of the Court of Appeal's guidance that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility, see Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir.

2000), this Court will dismiss the Complaint without prejudice, allowing Plaintiff an opportunity to cure the deficiencies of his complaint by filing *short and plain* amended pleadings complying with requirements of Rule 8, as interpreted in <u>Iqbal</u>, and with the mandates of Rules 18 and 20, as these principles are explained to Plaintiff in this Memorandum Opinion and Order.

IT IS, therefore, on this **30th** day of **September 2009**,

**ORDERED** that Plaintiff's application to proceed <u>in forma pauperis</u> is hereby granted and the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that the Complaint is dismissed for failure to meet the requirements of Rulers 8, 18 and 20, without prejudice to Plaintiff's filing of an amended complaint complying with this requirement.  Such filing should be executed within 30 days of the date of the entry of this Order; and it is further

**ORDERED** that, if Plaintiff files an amended complaint within 30 days of the date of the entry of this Order, the Court will enter an order directing the Clerk to reopening this matter and will screen Plaintiff's amended complaint for <u>sua sponte</u> dismissal; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Memorandum Opinion and Order by regular mail upon the Attorney General of the State of New Jersey

and upon the Warden of Plaintiff's place of confinement; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee equal to 20% of the average monthly deposits to the Plaintiff's prison account for the six month period immediately preceding the filing of the Complaint; when funds exist, the New Jersey Department of Corrections shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the New Jersey Department of Corrections shall assess, deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular mail, together with a blank civil rights complaint;[2] and it is finally

**ORDERED** that the Clerk shall administratively terminate this action and close the file on this matter.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

---

[2] Plaintiff is *strongly encouraged* to utilize the preprinted civil rights complaint form provided to him by the Clerk.

13