**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| STEVEN JUDE HOFFENBERG, | : | |
| | : | Civil Action No. 09-4784 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION & ORDER** |
| | : | |
| JEFF GRONDOLSKY et al., | : | |
| | : | |
| Defendants. | : | |

IT APPEARING THAT:

1.      On September 21, 2009, the Clerk docketed Plaintiff's complaint in this matter.  See Docket

Entry No. 1.  The complaint consisted of a 100-page submission (and encompassing 371

virtually incomprehensible paragraphs), arrived accompanied by Plaintiff's application to

proceed in this matter in forma pauperis.  See id.

2.      On September 30, 2009, this Court issued a memorandum opinion and order granting

Plaintiff in forma pauperis status and dismissing the complaint, without prejudice, for failure

to comply with the requirements of Rules 8, 18 and 20.  See Docket Entry No. 2 (explaining

to Plaintiff the shortcomings of his complaint and providing Plaintiff with detailed guidance

as to the requirements of Rules 8, 18 and 20).  The Court also directed the Clerk to

administratively terminate this matter, subject to reopening in the event Plaintiff submitted

his amended complaint.  See id.  The Court also directed the Clerk to serve Plaintiff with

a blank civil complaint form and *strongly encouraged Plaintiff to utilize the form in order*

*to control the volume and content of his amended pleading*.  See id. at 13 and n.2.

3.      In response, Plaintiff filed, not an amended complaint, but a host of motions.  See Docket

        Entries Nos. 3, 4, 6 and 7,

4.      On October 14, 2009, and November 5, 2009, the Court denied Plaintiff's motions and

        extended his time to file his amended complaint.  See Docket Entries Nos. 4 and 8.

5.      On November 16, 2009, Plaintiff filed his amended complaint, accompanied by another set

        of motions.  See Docket Entries Nos. 10, 11, 12, 13, 14, 15 and 16.  The amended complaint

        consisted of a copy of Plaintiff's original complaint (i.e., the very same 371-paragraph

        narrative consisting of conclusory statements) with Plaintiff's numerous handwritten

        comments entered between the lines and/or in the margins. See Docket Entry No. 10.

6.      Therefore, on December 17, 2009, the Court issued a memorandum opinion and order

        dismissing the amended complaint for failure to comply with the requirements of Rules 8,

        18 and 20, and denying Plaintiff's second round of motions.  See Docket Entry No. 18.

        Moreover, even though Plaintiff's amended complaint was virtually incomprehensible, the

        Court deciphered two claims in that complaint and dismissed those claims with prejudice,

        granting Plaintiff leave to amend as to the remainder.  See id.   In the process of addressing

        Plaintiff's claims, the Court reiterated to Plaintiff the pleading requirements of Rule 8, as

        explained by the Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atl.

        Corp. v. Twombly, 550 U.S. 544 (2007), and by the Court of Appeals in Fowler v. UPMC

        Shadyside, 578 F.3d 203 (3d Cir. 2009), and Phillips v. County of Allegheny, 515 F.3d 224

        (3d Cir. 2008).  The Court's order ended with an unambiguous directive that Plaintiff's

        second amended complaint had to be a clear and concise document.  See id. at 13.

7.      On January 5, 2010, Plaintiff filed his second amended complaint, 56 pages consisting of

203 paragraphs, accompanied by 39 pages of exhibits written up by Plaintiff between the

lines and in the margins.  See Docket Entry No. 20.  The relevance of these exhibits to

Plaintiff's claims was just as incomprehensible as the content of Plaintiff's second amended

complaint.  See id.

8.      Therefore, on February 23, 2010, this Court issued another memorandum opinion and order

dismissing Plaintiff's second amended complaint.  See Docket Entry No. 23.  The Court

attempted to decipher Plaintiff's claims and explained to Plaintiff that the allegations did not

state a cognizable claim.  See id. at 3, n.1 (explaining non-viability of Plaintiff's access-to-

the-courts claims and allegations based on Plaintiff's placement in segregated confinement

and alleged fraudulent court testimony of certain witnesses).  The Court's order concluded

with the following unambiguous directive:

> Because the Court is concerned that the filing of yet another amended
> complaint will result in an equally, if not more, incomprehensible
> submission, . . . Plaintiff [must] submit a list of legal claims which Plaintiff
> wishes to assert.  After each claim, Plaintiff shall set forth in no more than
> **one page** the facts he alleges that support such claim.  If he cannot do so in
> one page, he shall so state his reasons in that **one page**.

Id. at 3-4 (emphasis in original).

9.      On March 9, 2010, Plaintiff submitted his third amended complaint.  See Docket Entry No.

25.  That latest submission was reduced to 43 pages, comprised of 150 paragraphs.  See id.

In total disregard of this Court's prior Order,  Plaintiff submitted a stream of unspecific and

unrelated generalities,  repeating even the previously dismissed claims, e.g., Plaintiff's

allegation that he is being denied access to the courts with regard to the instant matter

because Plaintiff is lacking documentary evidence and/or paperwork.  See id.

10.     Therefore, on April 27, 2010, this Court issued another Memorandum Opinion and Order. In no ambiguous terms, the Court explained to Plaintiff how to plead his claims and stressed that Plaintiff's failure to comply with this Court's guidance will necessarily result in dismissal of Plaintiff's claims with prejudice.  See Docket Entry No. 26.

11.     Thereafter, Plaintiff filed numerous motions seeking this Court's recusal, numerous motions demanding numerous motions demanding Plaintiff's "due process" right to file a brief, motions for declaratory relief, motions for production of evidence, motions for reconsideration, and notices of appeal.  See Docket Entries Nos. 29-50.

12.     On October 13, 2010, the Court of Appeals dismissed Plaintiff's appeal as an interlocutory challenge submitted without obtaining due appellate jurisdiction.  See Docket Entry No. 51.

IT IS on this **15th** day of **October 2010**,

**ORDERED** that Plaintiff's final opportunity to state his claims is reinstated; and it is further

**ORDERED** that all Plaintiff's motions and analogous applications remaining unresolved at this juncture are dismissed, subject to reinstatement only in the event the Court permits Plaintiff's fourth amended complaint to proceed past the sua sponte dismissal stage; and it is further

**ORDERED** that, within thirty days from the date of entry of this Memorandum and Order, Plaintiff shall file his fourth amended complaint in accordance with the requirements stated herein; and it is further

**ORDERED** that Plaintiff's fourth amended complaint, SHALL -- consist of a submission where, on the top of each page, Plaintiff SHALL write the name of each Defendant (or other identifying features, if the name is unknown) and follow that name by stating specific facts of what exactly that Defendant did, and when, and what injuries Plaintiff suffered as a result of that action.

Plaintiff's discussion of the facts related to any particular Defendant SHALL NOT exceed one double-spaced page, single-sided.  (In the event the Court requires additional facts at the screening stage it will so advise the Plaintiff.)  Plaintiff's allegations shall consist only of facts, stated simply and clearly, in accordance with Rule 8 requirements.  Plaintiff's allegations against all Defendants shall be transactionally related to the allegations against the first defendant in the list, in accordance with Rules 18 and 20.   Plaintiff's failure to adhere to this simple directive, or Plaintiff's recital of the claims dismissed with prejudice, Plaintiff's raising of claims which Plaintiff has no standing to litigate, will result in dismissal of this matter with prejudice; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by certified mail, return receipt requested; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter, subject to reopening upon timely receipt of Plaintiff's fourth amended complaint complying with the requirements set above, by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is finally

**ORDERED** that, in the event Plaintiff submits any motion or other application except for his fourth amended complaint filed as directed above, the Clerk shall docket the received submission, accompanying such docket entry with a notation, reading "THIS ENTRY IS DEEMED STRICKEN FROM THE DOCKET FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE REQUIREMENTS OF THE COURT'S ORDER DIRECTING FILING OF PLAINTIFF'S

FOURTH AMENDED COMPLAINT; THE CONTENT OF THIS SUBMISSION WILL NOT BE

CONSIDERED BY THE COURT."[1]

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

---

[1]  United States v. D'Amario, 328 Fed. App'x 763, 764 (3d Cir. 2009) (guiding that, where "the District Court [repeatedly] enjoined [the represented litigant's] pro se filings, but to no avail . . . *the District Court must take additional steps to effectuate its injunction*, [*and* ] *we encourage it to do so*") (emphasis supplied).