UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEVEN JUDE HOFFENBERG, | : | |
|  | : | Civil Action No. 09-4784 (RMB) |
| Plaintiff, | : | |
|  | : | |
| v. | : | **MEMORANDUM OPINION** |
|  | : | |
| JEFF GRONDOLSKY et al., | : | **AND ORDER** |
|  | : | |
| Defendants. | : | |

This matter comes before the Court upon Plaintiff's submission of two motions, one titled "Motion for Reconsideration," see Docket Entry No. 85, and another titled "Motion in the Recusal of Judge Bumb," see Docket Entry No. 86.

On January 14, 2011, this Court issued a memorandum opinion and accompanying order detailing the lengthy history of this matter and the deficiencies of Plaintiff's fourth amended complaint. See Docket Entries Nos. 60 and 61. In accordance with the warning thrice given by this Court to Plaintiff, the Court dismissed Plaintiff's amended complaint and imposed a limited order of preclusion with regard to Plaintiff's future filings of non-emergent pro se, in forma pauperis civil complaints. See id. Plaintiff timely appealed this Court's decision. See Docket Entries Nos. 64 and 65.

On June 9, 2011, the Court of Appeals affirmed this Court's dismissal of Plaintiff's fourth amended complaint and as well as this Court's denial of Plaintiff's demands for this Court's recusal. <u>See</u> Docket Entry No. 70. The Court of Appeals decision read, in pertinent part, as follows:

> Hoffenberg is presently confined at FCI-Fort Dix in New Jersey, where he is serving a twenty-year sentence imposed by the District Court for the Southern District of New York in 1997 following his plea of guilty to conspiracy to violate the securities laws and other offenses. . . .
>
> We will summarily affirm the dismissal of Hoffenberg's fourth amended complaint with prejudice because his appeal of that aspect of the District Court's order presents "no substantial question." To the extent that certain claims for relief can be gleaned from the language of Hoffenberg's overwrought pleadings, the District Court properly concluded that he failed to state a claim upon which relief can be granted. . . . Hoffenberg's attempts at pleading were neither short nor plain, and the District Court fairly characterized them as "volumes of self-serving patchy tirades." Hoffenberg's inexplicable failure to plead in conformity with the rules, despite four chances to amend, supports the denial of further leave to amend. We conclude that the fourth amended complaint was properly dismissed with prejudice.
>
> Finally, we consider the District Court's decision to restrict Hoffenberg's right to file future suits in the District of New Jersey. We have held that "a continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court." Courts must remain mindful, however, that "[a]ccess to the courts is a fundamental tenet of our judicial system," and "legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be." Significantly for purposes of

the present case, we have explained that an injunction against future filings "should not be imposed by a court without prior notice and some occasion to respond."  The District Court here gave notice to Hoffenberg that his failure to plead in compliance with the Rules of Civil Procedure would result in "sanctions."  But the District Court did not afford notice of the particular [limited preclusion] order that it intended to enter placing restrictions upon Hoffenberg's right to file suit.  As a result, Hoffenberg did not have an opportunity to object before the order was entered. As we have explained, "[i]f the circumstances warrant the imposition of an injunction, the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue. This ensures that the litigant is provided with the opportunity to oppose the court's order before it is instituted."  Given the absence of proper notice here, we will vacate the injunction imposed and remand so that Hoffenberg can be afforded an opportunity to respond.  We express no view on whether Hoffenberg's conduct, in this case or in the others cases cited by the District Court, would support entry of an order restricting his right to file future litigation. That issue is best left to the District Court in the first instance, in the sound exercise of its discretion, after it considers Hoffenberg's objections and weighs them against the record and the need to curtail potentially abusive future litigation.  We do note that "Hoffenberg has had a history of mental illness dating back to a hospitalization in 1970, which included electro-convulsive therapy, anti-psychotic medications such as thorazine, and the mood stabilizer lithium. He was diagnosed at that time as manic depressive."  There is no record before this Court as to whether Hoffenberg's mental health offers any explanation for his actions in this proceeding, or in the two other proceedings that the District Court cited as evidence of his "abuse of legal process" in the District of New Jersey.  We leave it to the District Court to determine whether Hoffenberg's mental health is at all relevant or should have any bearing on whether to restrict his right to file future litigation.

<u>Hoffenberg v. Bumb</u>, 2011 U.S. App. LEXIS 11741 (3d Cir. June 9, 2011) (citations and parenthetical explanations omitted, footnote 4 incorporated in the main text).

 In accordance with the Court of Appeals mandate, on August 19, 2011, this Court issued an Order reciting to Plaintiff the terms of its limited order of preclusion.  The Court also directed Plaintiff to show cause as to why this limited order of preclusion should not be entered against him.  <u>See</u> Docket Entry No. 74.

 On August 25, Plaintiff moved this Court for an extension of time to submit his response to the Court's order to show cause, <u>see</u> Docket Entry No. 78; Plaintiff's motion to that effect was granted.  <u>See</u> Docket Entry No. 79.

21. On November 9, 2011, the Clerk received Plaintiff's submission; that submission read, in its entirety, as follows:

> Re Hoffenburg v Judge Bumb et al "Appeal Mandate" Case Number 09 civ 4784 "Settlement Offer" in the Pending Plaintiff December 2011 Filing
> (1) the "Benefit of Justice Demands," this "Settlement Offer," in the Plaintiff December 2011, "Filing."
> (2) That the "Filing" by the Plaintiff, in December 2011, in the Open Remand Mandate, Should Be Settled as "Case Closed," with "No Further," Plaintiff December 2011 Filing.
> (3) That the Dec 2011 Filing, must "Target," the Plaintiff DOJ Turnover, in Major Evidence, Showing the Plaintiff Partner Jeff Epstein, "Massive Multi Billion Dollar Hedge Fund Crimes."
> (4) "Newsweek" Was Requested by "DOJ," to Delay, the Ready to Publish Story, Showing the Plaintiffs Part, in Turning over Evidence, in the Plaintiffs

```
            Billionaire Partner, Jeff Epsteins, "Multi Billion
            Dollar Hedge Fund Crime(s)."
      (5)   That the Instant Suit, Prison BOP Defendant Staff
            Richard Herbik, the Plaintiff Unit Team Mgr., Was
            "Removed," on May 5, 2011, from That Position.
      (6)   That the Instant Suit, Prison Bop Defendant, Ms
            Hood, the "Plaintiff Counselor," at the "Prison
            Unit Team," Was "Removed" from Her Position, with
            the Plaintiff.
      (7)   That the Prison Staff, in the "Instant Suit," Are
under "Bop Investigation."
      (8)   That the Appeals Court Opinion "Ruling," Made, the
            "Substantial Fact Record Error," Below.
      (9)   That Judge Bumb, "Dismissed" Without "Prejudice,"
            the Plaintiffs First Amended Complaint. "Wrong
            Point."
      (10)      That the Judge Bumb First Amended Complaint,
            "Order" Was "Dismissed" with "Prejudice," in Said
            Lower Court Opinion, That the Appeals Court
            "Opinion," Was "Wrong," in the "Mandate Remand,"
            in The, "With Prejudice, Dismissal by Judge Bumb."
            See, "Many Judge Bumb," Prison Suits, "Dismissed"
            with "Prejudice."
      (11)  That the "Basis," for the Instant "Sanction," Was
            the Plaintiffs, (3) Three Pro Se Law Suit,
            "Ruling(s)," in this Court House.
      (12)  That the Plaintiff Did Appeal, "(2) Two," of the
            "Three," Pro Se above Law Suits.
      (13)      That the Plaintiff "Won" the "Appeal," in the
            "$20 Billion Dollar," FTCA, Tort USA/BOP Lawsuit,
            in this "Court House."
      (14)  That the Plaintiff "Third" Lawsuit, in the Judge
            Bumb "Basis," for this "Sanction," Was the "2241"
            Lawsuit, Petition, for "Pre Release, Plaintiff
            Credit."
      (15)      That Said "Credit," Will Very Soon, Be
"Provided," to the Plaintiff.
      Conclusion
      (1)   "Wisdom" Mandates That, this Suit Be Marked
            "Closed," on the "Docket," with "No Further"
            Plaintiff, December 2011, "Filing."
      (2)   this "Settlement Offer," Is "Not Part of the
Docket."
```

    Docket Entry No. 82 (quotation marks, capitalization, punctuation and lack thereof in original, underlining removed).

    On November 30, 2011, this Court issued a memorandum opinion and order addressing Plaintiff's above-quoted submission. <u>See</u> Docket Entry No. 84. The Court observed that Plaintiff was trying to relitigate, again, his claims against Defendants Herbik and Hood that were already dismissed by this Court (and which dismissal was affirmed by the Court of Appeals), as well as this Court's determination that its recusal was unwarranted (which determination was, also, affirmed by the Court of Appeals). <u>See id.</u> at 8. In addition, the Court stated: "Paramountly here, no statement in Plaintiff's submission provides this Court with a single reason to avoid imposition of the limited order of preclusion. In light of the foregoing, imposition of the limited order of preclusion is warranted." <u>Id.</u>

    Moreover, pursuant to the Court of Appeals' guidance in <u>Hoffenberg v. Bumb</u>, 2011 U.S. App. LEXIS 11741, this Court examined Plaintiff's prior proceedings which produced a reference to Plaintiff's mental health problems experienced in the past. <u>See id.</u> at 8-13 (quoting, at length, and analyzing, in great detail, the relevant statements made in <u>Hoffenberg v. Provost</u>, 154 Fed. App'x 307 (3d Cir. 2005); <u>Hoffenberg v. United States</u>, 2010 U.S. Dist. LEXIS 40495 (S.D.N.Y. Apr. 26, 2010), <u>Hoffenberg</u>

v. United States, 436 F. Supp. 2d 609 (S.D.N.Y. 2006), Hoffenberg v. Fed. Bureau of Prisons, 2004 U.S. Dist. LEXIS 19424 (D. Mass. Sept. 14, 2004), and United States v. Hoffenberg, 1997 U.S. Dist. LEXIS 2394 (S.D.N.Y. Mar. 4, 1997)).  Upon conducting that examination, this Court concluded that Plaintiff's past mental problems did not prevent imposition of a limited order of preclusion against him.  See id. at 14-16 (detailing the rationale of that conclusion).  Correspondingly, the Court imposed a limited order of preclusion in accordance with the terms of which Plaintiff was expressly advised.  See id. at 17-19.

   Plaintiff has currently submitted two motions.  See Docket Entries Nos. 85 and 86.  Although these motions bear different headings, the substance of these motions is virtually identical. Plaintiff asserts that this Court is biased against him and that the Court is abusing its discretion.  Plaintiff seeks, once again, this Court's recusal.  Both motions are silent as to any factual basis allowing this Court to reconsider its decision to impose a limited order of preclusion with regard to Plaintiff's future non-emergent civil complaints filed pro se and in forma pauperis.  Although both motions are rather lengthy, they are filled only with generic statements accusing this Court of bias and with articles and Plaintiff's letters to various officials with regard to the investigation of the Bernard Madoff scheme,

and Plaintiff's accusations against his former business partner. See id.

A motion for reconsideration is a device of limited utility. There are only four grounds upon which a motion for reconsideration might be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice;[1] and (d) to accord the decision to an intervening change in prevailing law.  See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998). In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such

---

[1] In the context of a motion to reconsider, the term "manifest injustice" "[generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," In re Rose, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007), making the definition an overlap with the prime basis for reconsideration articulated in Harsco, that is, the need "to correct manifest errors of law or fact upon which the judgment was based."

disagreement should be raised through the appellate process.  See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories).  Consequently, "[t]he Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion."  Assisted Living, 996 F. Supp. at 442; see also Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("[M]otions for reconsideration should be granted sparingly"); Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993) (a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)").  Here, this Court's careful examination of both Plaintiff's motions reveals no manifest error of law, no error of fact, no newly-discovered or previously unavailable evidence, no basis to detect manifest injustice and no intervening change in prevailing law.  Therefore, Plaintiff's motion seeking reconsideration of this Court's prior order, see Docket Entry No. 85, will be denied.  Plaintiff's other motion seeking this Court's recusal, see Docket Entry No. 86, will also be denied.

IT IS, therefore, on this **7th** day of **February 2012**,

**ORDERED** that the Clerk shall reopen this matter for the purposes of this Court's examination of Plaintiff's motions docketed as Docket Entries Nos. 85 and 86, by making a new and separate docket entry reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Plaintiff's motion docketed as Docket Entry No. 85 is denied and it is further

**ORDERED** that Plaintiff's motion docketed as Docket Entry No. 86 is denied; and it is further

**ORDERED** that the terms of the limited order of preclusion shall remain as imposed by this Court's order docketed as Docket Entry No. 84; and it is further

**ORDERED** that the Clerk shall close the file this matter by making a new and separate docket entry reading, "CIVIL CASE CLOSED"; and it is finally

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB,**
**United States District Judge**